IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-cv-0084-FDW-DSC

| | |
|---|---|
| CHARLES P. DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MONROE HOUSING AUTHORITY, | ) |
| and ANNA MCRAE, | ) |
| | ) |
| Defendants. | ) |

**JOINT CONSENT PROTECTIVE ORDER**

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, the Parties hereby submit this Joint Consent Protective Order.

It is hereby STIPULATED and AGREED between Plaintiff, Charles P. Daniel. ("Daniel" or "Plaintiff"), and Defendants, Monroe Housing Authority and Anna McRae ("Defendants") (jointly with Plaintiff, the "Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter ("the Litigation"):

1. All documents and data, including electronically stored information, produced and all information obtained through discovery in the Litigation shall be used only for purposes of litigation between the Parties.

2. "Confidential Information" shall mean any and all information produced in the course of discovery or trial which a Party deems to contain (a) trade secrets or other proprietary, technical, financial, or confidential information (including but not limited to design, manufacturing, research, commercial or business information) or (b) contains sensitive or private information, such as personal financial or medical records, and which is designated by such Party as "Confidential" pursuant to the terms and mechanisms of this Confidentiality Agreement and Protective Order (the "Order"). The following documents, electronic data, and/or information may be designated as "Confidential" pursuant to this Order: information that a Party in good faith contends to be (a) a trade secret, (b) proprietary business information, (c) sensitive financial information, (d) private and sensitive personal information, (e) personnel documentation and information regarding persons who are not parties to this lawsuit, and (f) documents produced outside discovery upon agreement of the parties.

3. To assert a claim that information is "Confidential" or "Confidential - Attorneys' Eyes Only", the Parties shall designate the whole or any part of any documents as such by stamping or imprinting the words "CONFIDENTIAL" upon every page of the produced copies of the document at the time of production. Such designations shall be utilized in good faith and only for such matters as documents disclosing highly sensitive information.

    a. In the case of electronic files or other information contained on computer servers, hard drives, or cloud storage accounts, counsel producing such servers, hard drives, or

cloud storage accounts shall designate with specificity in writing to counsel for the Parties whether some or all of the information on such servers, hard drives, or cloud accounts is to be treated as "Confidential".

      b.      In the case of depositions, including any transcripts or recordings thereof, the Party may designate the deposition as "Confidential" during the deposition or after the deposition concludes by notifying the opposing Party in writing that it is making such designation. Such designation shall apply to the deposition and any transcript or other recording thereof. The Party making the designation shall have fifteen days from delivery of the final deposition transcript to make the designation (the "designation period") and until the earlier of receipt of such written notification or the expiration of the designation period, the Parties must provisionally treat the deposition transcripts as "Confidential". If the Party determines that some or all of the transcript contains Confidential Information, the document shall bear a stamped legend of "CONFIDENTIAL" and the specific Confidential Information contained therein shall bear the notation "Confidential". Unless the Parties intend to designate all of the information contained within the deposition testimony as "Confidential" material, counsel for that Party should indicate in a clear fashion the portion of the testimony which is intended to be designated as "Confidential" and such testimony should be segregated or placed in a separate transcript bearing the appropriate

designation. Any portion of a transcript discussing materials designated as "Confidential" shall be similarly designated.

    c. Written discovery, motions or pleadings containing or reflecting information designated as "Confidential" under this Order shall bear a stamped legend of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and the specific Confidential Information contained therein shall bear the notation "Confidential". If such written discovery, motion or pleading containing Confidential Information is filed with the Court, only the "Confidential" portion of such written discovery or pleading will be filed with the Court in accordance with Paragraph 9 of this Order. The non-confidential portion of any written discovery or pleading will not be subject to the terms of this Order.

    4. In the event that the producing person inadvertently fails to designate discovery or other material as "Confidential" in the Litigation, it may make such a designation subsequently by notifying all Parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Parties to whom production has been made shall treat the designated discovery material as "Confidential", subject to their right to dispute such designation in accordance with Paragraph 8 below; provided however that any prior disclosure by the receiving Party of the discovery material before its designation as "Confidential" shall not be deemed a violation of this Order.

5. Materials designated as "Confidential" may only be disclosed or made available by the Party receiving such information to the following individuals provided that such individuals are informed of the terms of this Order:

    (a) the receiving Party and the employees or officers of the Parties to the Litigation who are working with counsel in the Litigation and need to review the documents in order to provide assistance to counsel in the Litigation;

    (b) legal counsel for the Parties and paralegals, investigators, consultants, or attorneys working with, retained, or employed by legal counsel in connection with the Litigation;

    (c) expert witnesses or consultants retained by the Parties to assist in the preparation of the case;

    (d) any witness who is deposed under oath in this matter which appears on the face of the exhibit or from other documents or testimony to have received the document from, or communicated to that witness by, that same producing Party;

    (e) court reporters, videographers or stenographers at depositions; and,

    (f) the Court.

6. The persons referred to under sub-paragraphs (a), (c) and (d) of Paragraph 5 shall be furnished "Confidential" information only after they have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Order. Outside counsel for the Parties shall maintain copies of the aforementioned written agreements.

7. In the event counsel for the Party receiving materials designated as "Confidential" objects to the designation, said counsel shall advise the Party producing the materials, in writing, preferably by facsimile or electronic mail, of such objection and the reasons therefore. Pending resolution of the dispute, all of the indicated materials shall be treated as designated. Counsel will attempt to resolve the dispute within three business days of the notification. If the dispute cannot

be resolved among counsel, the Party objecting to the designation of a document as "Confidential" shall submit a motion objecting to such designation with the Court. The burden to sustain the designation "Confidential" is upon the designating Party. Such motion may be brought at any time during the litigation.

8. Material containing Confidential Information shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, other motions or appeals. The Parties agree that if they intend to file with the Court any documents and other materials, including but not limited to, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admissions, briefs and memorandum, which comprise or contain material designated as "Confidential" or information taken therefrom, the Parties will advise the Court that such documents have been designated as "Confidential" pursuant to this Order, and will request from the Court permission to file such documents, or portions of such documents that contain Confidential Information, with the Clerk of the Court utilizing the CM/ECF system and the instructions therefor.

9. Any non-party otherwise permitted to review designated material may subscribe to the terms and protections of this Order only after they have reviewed the Order and have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Order. The non-party may designate materials containing Confidential Information that the non-party is producing as "Confidential" subject to the specifications of Paragraph 3 of this Order.

10. No disclosure shall waive any rights or privileges of any Party granted by this Order or under applicable Rules of Civil Procedure and Evidence.

11. This Order shall not enlarge or affect the proper scope of discovery in the Litigation or any other litigation, nor shall this Order imply that discovery material designated as "Confidential" under the terms of this Order is properly discoverable, relevant or admissible in the Litigation or any other litigation.

12. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection from the Court at their discretion.

13. The terms of this Order shall survive and remain in effect after the termination of the Litigation. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of the Litigation.

14. This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purpose.

15. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing Party shall promptly notify the receiving Party in writing of such inadvertent production after it becomes aware of such inadvertent disclosure. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing Party or destroyed, upon request, and such

returned or destroyed material shall be deleted from any litigation support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless they are subsequently produced. The Party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. This Order shall not prevent any persons bound hereby from making use of information or documents lawfully in their possession and/or lawfully obtained through discovery in the Litigation in which such information was not designated as "Confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

17. Within forty-five days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation (including any appeal therefrom), or such longer period of time upon which the Parties may agree, all persons having received material or information containing information designated as "Confidential," except as provided below, shall destroy all copies of such material in any form it is maintained including but not limited to paper, hard drives, network drives, off-site electronic storage, and internet storage services; and, upon request, certify in writing to the Parties that all copies of such documents have been destroyed. Counsel for the Parties, however, shall be permitted to retain electronic and hard copies of court papers, deposition and trial transcripts, discovery materials, and attorney work product containing Confidential Information for no other purpose than to preserve a record of the

litigation in compliance with obligations under the Rules of Professional Responsibility, and any such documents so retained shall be properly disposed of and destroyed at the conclusion of any obligation to maintain a record of the litigation, and further provided that such counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work-product to any person except pursuant to court order or agreement of the Parties. This provision shall not require the Court's return of any documents filed with the Court.

**SO ORDERED**.

Signed: November 29, 2018

David S. Cayer
United States Magistrate Judge

*Consented to:*

BY: /s/ Geraldine Sumter
Geraldine Sumter, NC Bar #11107
*Attorney for Plaintiff*
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28204
Telephone: 704-375-8461
Facsimile: 980-938-4867
Email: gsumter@fergusonsumter.com

/s/ M. Janelle Lyons
M. Janelle Lyons, NC Bar #35421
*Attorney for Defendants*
Cranfill Sumner & Hartzog LLP
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
E-Mail: jlyons@cshlaw.com

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-cv-0084-FDW-DSC

_____
                                )
CHARLES P. DANIEL,            )
                                )
        Plaintiff,          )
                                )
        v.                      )
                                )
MONROE HOUSING AUTHORITY,  )
and ANNA MCRAE,              )
                                )
        Defendants.   )
_____)

**ACKNOWLEDGEMENT OF JOINT CONSENT PROTECTIVE ORDER**

I ,_____, hereby affirm that:

1. Information, including documents and things designated as "CONFIDENTIAL" under the Joint Consent Protective Order ("JCPO") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the JCPO.

2. As a prior condition to me being permitted to receive, see, or review any Confidential Information, I have been given a copy of the aforementioned JCPO, I have read it, and I agree to be bound by its terms.

3. I understand that the JCPO has been entered into in connection with litigation pending in the United States District Court for the Middle District of North Carolina. I hereby

agree to submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for enforcement of any claimed violation of the terms of the JCPO or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

    4.    I agree not to use any Confidential Information disclosed to me pursuant to the JCPO except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the JCPO, without the express written consent of the party who designated such information "CONFIDENTIAL," or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this JCPO and its binding effect on them.

    5.    I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

This, the ___ day of _____, 201__.

                                                                                                 _____
                                                                                                 SIGNATURE

Subscribed and sworn before me,

This _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My commission expires:_____